UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JOHN JOSEPH WATERS, JR., | Case No. 17-CV-1367 (SRN/DTS) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| WARDEN M. RIOS; WARDEN WILLIAM TRUE, III; THOMAS R. KANE, Acting Director; KATHLEEN M. KENNEY, Assistant Director/General Counsel; SARA M. REVELL, Regional Director; and U.S. FEDERAL BUREAU OF PRISONS, | |
| Respondents. | |

---

Petitioner John Joseph Waters, Jr. has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court has conducted a preliminary review of Waters's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Based on that review, this Court recommends dismissal of Waters's petition.

Waters was convicted in this District on multiple counts of wire fraud, income tax evasion, and filing a false income tax return; he was sentenced to a 108-month term of imprisonment. *See United States v. Waters*, 799 F.3d 964 (8th Cir. 2015). In July 2016, Waters submitted an administrative request asking that the Federal Bureau of Prisons ("BOP") seek a

---

[1] Although the habeas petition is brought pursuant to § 2241, the Rules Governing Section 2254 Cases nevertheless apply. *See* Rule 1(b).

reduction in sentence from the trial court pursuant to 18 U.S.C. § 3582(c)(1)(A), which provides that:

> the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that
>
> > (I) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*See* ECF No. 1-3 at 2-4.  In his administrative request, Waters explained that his father had recently passed away and that his aged mother would now need him to provide daily care.  *Id*. This request was denied, both initially and at each level of administrative appeal, as contrary to BOP regulation, which does not recognize care for a parent as a specific justification for compassionate release.  *Id*. at 15, 30, 36, 46.  BOP officials also noted that other family members could be expected to care for Waters's mother.  *Id*. at 15.  Waters argues that this denial was an abuse of BOP's discretion and asks this Court to either modify his sentence or to direct the BOP to file the required motion on his behalf. [Docket No. 1 at 8].

As a purely formal matter, a petition for a writ of habeas corpus is likely not the appropriate avenue for Waters to seek his requested relief.  "[H]abeas corpus relief is available

-2-

only to prisoners challenging the fact or duration of their confinement." *Gutierrez v. Anderson*, No. 06-CV-1714 (JRT/JSM), 2006 WL 3086892, at *3 (D. Minn. Oct. 30, 2006) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam); and *Wilson v. Lockhart*, 949 F.2d 1051, 1052 (8th Cir. 1991)). Waters does not allege that his sentence is *unlawful*, only that the lawfully imposed sentence should be altered on humanitarian grounds. Such a claim is by all indications outside the scope of this Court's habeas corpus jurisdiction. *Id*. at *2 (concluding that "[a]lthough the jurisdictional question presents a relatively close issue, the Court agrees with the Magistrate Judge that § 2241 does not confer jurisdiction" over a claim identical to that raised here by Waters).

This Court therefore recommends dismissal without prejudice of this matter for lack of jurisdiction. But even if the Court has *jurisdiction* over the claim raised in the habeas corpus petition, that claim must nevertheless be denied and the petition dismissed. Section 3582 could not be clearer that a reduction in sentence on compassionate grounds can be considered by the sentencing court only upon "motion of the Director of the Bureau of Prisons." 18 U.S.C. § 3582(c)(1)(A). And courts have repeatedly and uniformly held that "the BOP's decision regarding whether or not to file a motion for compassionate release is judicially unreviewable." *Crowe v. United States*, 430 Fed. App'x 484, 485 (6th Cir. 2011) (collecting cases and citing, inter alia, *Gutierrez*); *accord Defeo v. Lapin*, No. 08 Civ. 7513, 2009 WL 1788056, at *3 (S.D.N.Y. June 22, 2009) (denying petition for a writ of mandamus). The decision as to whether to file a motion under § 3582(c)(1)(A) is committed entirely to the discretion of the BOP. *See, e.g.*, *United States v. Dowdell*, 669 Fed. App'x 662 (4th Cir. 2016) (per curiam). This statutory framework cannot be short-circuited through a request for judicial intervention, either through a

petition for a writ of habeas corpus or any other means.[2]  Whether this restriction is jurisdictional is ultimately irrelevant.

Finally, the legal authority cited by Waters does not support his claim for relief.  Waters is certainly correct that nothing in BOP regulations, *see* 28 C.F.R. § 571.60 et al., or the United States Sentencing Guidelines, *see* U.S.S.G. § 1B1.13, precludes the BOP from regarding parental care as an extraordinary and compelling reason warranting a request for a reduction in sentence.  But the fact that the BOP *may* file a motion on behalf of Waters does not mean that the BOP *must* do so.  Again, the decision whether to file a motion pursuant to 18 U.S.C. § 3582(c)(1)(A) is committed solely to the discretion of the BOP.  Here, the BOP has made its decision.  Waters may not invoke the federal courts to circumvent that choice.  Accordingly, it is hereby recommended that Waters's petition for a writ of habeas corpus be dismissed for lack of jurisdiction.

---

[2]Although the question of whether Waters is entitled to compassionate release is outside the scope of judicial review, this Court notes that the BOP did not wholly fail to consider the administrative request filed by Waters.  To the contrary, not only did the BOP rely upon established internal policy in denying the request — which is itself an appropriate exercise of discretion, *see Grove v. Federal Bureau of Prisons*, 245 F.3d 743, 746 (8th Cir. 2001) — but the BOP also provided reasons specific to Waters in denying the request (namely, that several other immediate relations of Waters, including seven siblings and two adult daughters, could be expected to care for his mother).  *See* ECF No. 1-3 at 15.  The BOP did not shirk its responsibility to reach a reasoned conclusion.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT this matter be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

| | |
|---|---|
| Dated: May 17, 2017 | s/ David T. Schultz<br>David T. Schultz<br>United States Magistrate Judge |

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.