# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| John Joseph Waters, Jr.,<br><br>Petitioner,<br><br>v.<br><br>Warden M. Rios; Warden William True, III; Thomas R. Kane, Acting Director; Kathleen M. Kenney, Assistant Director/General Counsel; and U.S. Federal Bureau of Prisons,<br><br>Defendants. | Civil No. 17-cv-1367 (SRN/DTS)<br><br><br>**ORDER** |

John Joseph Waters, Jr., Federal Prison Camp Duluth, P.O. Box 1000, Prisoner Number 17231-041, Duluth, MN 55814, *pro se* Plaintiff.

Ana H. Voss, Ann M. Bildtsen, and David W. Fuller, United States Attorney's Office, 300 South 4th St., Ste. 600, Minneapolis, MN 55415, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Petitioner's Objections [Doc. No. 4] to the Report and Recommendation of Magistrate Judge Schultz dated May 17, 2017 ("R&R") [Doc. No. 3], which recommended dismissing his Petition for a Writ of Habeas Corpus ("Habeas Pet.") [Doc. No. 1]. For the reasons set forth below, Petitioner's Objections are overruled, the Court adopts the Report and Recommendation, and dismisses the Habeas Petition without prejudice for lack of jurisdiction.

I.  **BACKGROUND**

Plaintiff John Joseph Waters, Jr. ("Waters") is an inmate at the federal prison camp in Duluth, Minnesota. (Habeas Pet. at 1[1].) Waters was convicted on multiple counts of wire fraud, income tax evasion, and filing false income tax returns, and sentenced to 108 months of incarceration by the Honorable Ann D. Montgomery in the District of Minnesota. *See United States v. Waters*, 799 F.3d 964 (8th Cir. 2015).

In July of 2016, Waters submitted a request to Defendant Warden William True ("Warden True") asking the Warden to request the director of the Federal Bureau of Prisons ("BOP") to move the court that sentenced Waters for his compassionate release under 18 U.S.C. § 3582(c)(1)(A). (*See* Request for Compassionate Release Mot. at 2 [Doc. No. 1-3].) Specifically, Waters requested a "transfer to home confinement" so that he could care for his elderly and medically infirmed mother after the recent death of his father, who had been his mother's caretaker. (*Id.* at 2–4.) Waters claimed that his mother did not wish to live in a nursing home, which would also be cost prohibitive, and that other members of his family—including his seven siblings—were unable to assume a caretaking role "due to various family, career, geographic, health, and financial reasons[.]" (*Id.* at 4.)

Warden True denied Waters' request, stating that the BOP's internal policies regarding the extraordinary circumstances that warrant motions for compassionate release did not include providing care to a parent or family member. (*See id.* at 15.) Warden

---

[1] For all materials submitted by Waters, the Court cites to the ECF page numbers as they appear in the upper right hand corner of those documents, unless otherwise indicated.

True also noted that there were numerous family members besides Waters who could care for his mother. (*Id.* at 15.) Waters appealed this decision to multiple BOP divisions, but those appeals were denied. (*Id.* at 33–34, 36, 41–42, 46.)

Waters now seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, based on his claim that the BOP failed to "properly consider" his request for compassionate release. (Habeas Pet. at 2.) Specifically, Waters argues that the BOP "misapplied and misinterpreted" its own policies regarding non-medical requests for compassionate release, as well as the statutory criteria controlling such requests. (*Id.* at 3–4, 7–8.)

The Magistrate Judge recommended dismissing the Habeas Petition without prejudice. (R&R at 5.) First, he noted that the Court likely lacked jurisdiction to consider Waters' § 2241 Petition. (*Id.* at 2–3.) Second, even assuming the Court had jurisdiction, he concluded that the BOP's denial of Waters' compassionate release request was not subject to judicial review. (*Id.* at 3–4.) Third, considering the merits of Waters' claims, he found that the BOP regulations and other statutory provisions cited by Waters did not support his claim that the BOP abused its discretion. (*Id.* at 4.)

Waters presents three objections to the Report and Recommendation. (*See* Pl.'s Objs. at 1.) First, Waters asserts that the BOP failed to comport with the "spirit and intent" of the statutes governing compassionate release by refusing to move for release in situations like his (i.e., where the prisoner's own medical condition is not at issue, but instead the well-being and care of one related to the prisoner is the basis for the request). (*See id.* at 2–3.) Citing a 2013 report by the Department of Justice's Office of the Inspector General that is critical of the BOP's practices related to compassionate release,

3

Waters argues that "[t]he BOP's categorical refusal to give serious consideration to any and all [compassionate release] requests . . . made based upon non-medical circumstances" is a "serious abuse of [the BOP's] discretion." (*See id.* at 3–7.) Second, Waters contends that this Court has the authority to consider his claims related to compassionate release for non-medical reasons—regardless of whether the BOP moved for his compassionate release—because to find otherwise would deny him the ability to challenge the BOP's allegedly improper practices. (*See id.* at 7–8.) Third, Waters argues that a § 2241 habeas petition is the proper vehicle to pursue his claims because he is being held "in violation of the laws of the United States" and is attempting to challenge the legality of his detention.[2] (*See id.* at 9–10.)

## II. DISCUSSION

The Court must conduct a de novo review of any portion of a magistrate judge's report and recommendation to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). The Court liberally construes the filings and objections of pro se litigants. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004); *Lindsey v. City of Minneapolis*, No. 15-cv-1202 (WMW/BRT), 2016 WL 3360485, at *2 (D. Minn. June 16, 2016).

Waters contends that his Habeas Petition is the proper means to assert his claims related to the BOP's refusal to move for his compassionate release. (*See* Pl.'s Objs. at 9–

---

[2] Defendants filed a response, but it simply advocated adopting the Report and Recommendation and did not address Plaintiff's specific objections. (*See* Doc. No. 5.)

10.) Although this issue is not entirely settled in the case law, the weight of authority—including the holdings in this District—does not support Waters' position.

The Eighth Circuit has not directly addressed whether a prisoner may challenge the BOP's refusal to move for compassionate release by petitioning for a writ of habeas corpus. The vast majority of courts directly addressing this issue have concluded that a habeas petition is not the appropriate means to raise challenges related to compassionate release. *See, e.g., Smoke v. United States*, No. 09-cv-2050 (JRT/AJB), 2009 WL 5030770, at *1 (D. Minn. Dec. 14, 2009); *Mickelson v. Holinka*, No. 06-cv-4261 (JNE/SRN), 2007 WL 2262877, at *3 (D. Minn. Aug. 3, 2007); *Gutierrez v. Anderson*, No. 06-cv-1714 (JRT/JSM), 2006 WL 3086892, at *2 (D. Minn. Oct. 30, 2006); *Heard v. Quintana*, 184 F. Supp. 3d 515, 521–22 (E.D. Ky. 2016); *Tuozzo v. Shartle*, No. CIV.A. 13-4897 RMB, 2014 WL 806450, at *2 n.5 (D.N.J. Feb. 27, 2014); *Quaco v. Ebbert*, No. 1:CV-12-00117, 2012 WL 1598136, at *2 (M.D. Pa. May 7, 2012); *Morales v. United States*, 353 F. Supp. 2d 204, 204–05 (D. Mass. 2005).

Several courts have addressed issues related to compassionate release presented in a habeas petition without directly considering whether that was the appropriate vehicle to do so. *See, e.g., Fields v. Warden Allenwood USP*, No. 17-1045, 2017 WL 1241953, at *1 (3d Cir. Apr. 4, 2017); *Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001); *Pinkley v. Anderson*, No. 06-cv-2461 (PAM/JJG), 2006 WL 2671074, at *1–2 (D. Minn. Sept. 18, 2006). A few courts presented with the issue directly have concluded that a habeas petition is the proper vehicle for a prisoner to challenge the BOP's refusal to move for compassionate release. *See Cruz-Pagan v. Warden, FCC Coleman-Low*, 486 F.

5

App'x 77, 78 (11th Cir. 2012) ("Federal courts must have authority to grant a § 2241 petition and 18 U.S.C. § 3582(c)(1) is a source of that authority."); *United States v. Maldonado*, 138 F. Supp. 2d 328, 332 (E.D.N.Y. 2001) ("Because Maldonado is requesting an early or compassionate release or reduction in his sentence based on his conduct while in prison, the Court finds that Maldonado's petition is a challenge to the execution of his sentence, rather than to the underlying conviction. Accordingly, section 2241 is the proper vehicle for review."). This Court is persuaded that a habeas petition is not the appropriate vehicle for a prisoner to raise challenges related to compassionate release.

To understand why a § 2241 petition is not the appropriate vehicle for Waters' challenges, the Court first looks to the habeas statutes. Those statutes afford federal prisoners, in relevant part, two distinct bases to challenge their sentences. 28 U.S.C. § 2241 allows a prisoner to attack the "fact or duration"—sometimes referred to as the "execution"—of his sentence (e.g., the calculation of good-time credit) while 28 U.S.C. § 2255 allows a prisoner to challenge the underlying legality of his conviction or sentence. *See Smoke*, 2009 WL 5030770 at *1. A § 2241 habeas petition must be brought in the district where the prisoner is confined, whereas a § 2255 petition must be brought before the court that sentenced a prisoner. *Comstock v. United States*, No. 13-cv-1979 (JNE/JJG), 2014 WL 3384675, at *3 (D. Minn. July 10, 2014).

The compassionate release statute, in relevant part, allows a court to reduce a prisoner's sentence, but only upon a motion by the Director of the BOP. 18 U.S.C. § 3582(c)(1)(A). "Only the court that imposed the sentence, however, may modify the

sentence pursuant to § 3582(c)." *Smoke*, 2009 WL 5030770 at *2; *Braswell v. Gallegos*, 82 F. App'x 633, 635 (10th Cir. 2003).

In light of the scope and jurisdictional requirements of habeas review, it does not appear that Congress contemplated that a habeas petition be used to raise a compassionate release challenge. First, the granting of compassionate release is not related to the underlying validity of a prisoner's conviction or sentence and thus is inappropriate for a § 2255 petition. Second, the substance of Waters' claims demonstrate why a § 2241 habeas petition is not the appropriate means to raise his specific challenges. Waters alleges that the BOP denied him his "right to proper consideration of his request for compassionate release" by abusing its discretion and categorically refusing to move for compassionate release on non-medical grounds. (*See* Pl.'s Objs. at 9–10.) This challenge is not an attack on the fact or duration of his sentence, nor a claim that Waters is in custody in violation of his rights under the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). Instead, it is a challenge to the BOP's discretion to seek compassionate release and/or a direct request that the Court grant him compassionate release. At least two courts, considering nearly identical challenges and requests, have held that a § 2241 petition was an inappropriate vehicle to present such claims. *Smoke*, 2009 WL 5030770 at *1; *Tuozzo*, 2014 WL 806450 at *2 n.5. Waters' Habeas Petition must be dismissed, without prejudice, for this reason alone.

Third, although compassionate release might impact the fact or duration of a prisoner's sentence, § 2241 and the compassionate release statute impose conflicting jurisdictional requirements. Section 2241 petitions must be brought in the district where

the prisoner is confined, whereas compassionate release issues must be brought before the sentencing court. The district of confinement and sentencing court are often different. In some cases, like here, even when the prisoner is confined in the district where he was sentenced, this does not mean that his § 2241 petition will be decided by the court that sentenced him.

Accordingly, this Court need not each the merits of Waters' claim because it determines that it lacks jurisdiction to consider his § 2241 Habeas Petition.

## III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections [Doc. No. 4] are **OVERRULED**.

2. The Report and Recommendation dated May 17, 2017 [Doc. No. 3] is **ADOPTED IN ITS ENTIRETY**.

3. Plaintiff's Habeas Petition [Doc. No. 1] is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 23, 2017				s/ Susan Richard Nelson
						SUSAN RICHARD NELSON
						United States District Judge